GARWOOD M. WOODRUFF vs. RAYMOND G. BALDWIN.

Third Judicial District, Bridgeport, Oct. Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A lessee for a term of years assigned his interest in a defined portion of the leasehold premises by a deed poll which referred to the portion assigned as "a part of" the leased property and also made reference to the land records where the entire property was fully described and the original lease thereof recorded. Immediately following this description of the property assigned, a clause in the deed poll provided that the grantee therein " agrees to pay the rent of said premises that may annually become due to (naming the original lessor) as a part of the consideration of this deed." *Held* that this clause, when read in connection with the context and in the light of the attending circumstances disclosed by the record, did not express an intention of the parties to apportion the rent, as claimed by the grantee, but that the latter should pay the original lessor the rent for the entire premises as the same became due.

Argued October 31st—decided November 28th, 1899.

SUIT to determine the proper construction of a deed and the rights of the respective parties thereunder, and also claiming damages, brought to the Court of Common Pleas in New

Haven County and reserved by that court, *Hubbard, J.*, upon the defendant's demurrer to the substituted complaint, for the consideration and advice of this court. *Judgment sustaining demurrer advised.*

The essential allegations of the complaint are in substance these: In 1882 Yale College executed and delivered to Jennet M. Pearson a lease of a parcel of land in New Haven, of uniform width, having a frontage of forty feet on Elm street, and extending back from the street one hundred and twenty-five feet, for the term of seventy-one years and six months from the 1st day of September, 1882, with provisions for renewal of the lease. Among other things, it was provided in the lease that from March 1st, 1883, and for twenty-one years thereafter, the annual rent of said premises should be $70, payable on the first day of March in each year.

In June, 1890, said lessee assigned all her rights in said lease and to the premises therein described, to Garwood M. Baldwin, his heirs and assigns forever.

In January, 1893, said Garwood M. Baldwin, by deed which was made part of the complaint, conveyed to the plaintiff his, said Baldwin's, interest under said lease and assignment, in a part of said leased property, which part was described in said deed as follows: " A certain piece of land on Elm street, in said New Haven, bounded south on Elm street, beginning at a point three feet west of the block No. 399, now owned by said grantor, running west on Elm street, twenty-seven feet, more or less, to George M. Hand's line; thence north on George M. Hand's line in part, and said grantor's land in part, about ninety feet, to within eighteen inches of the southerly line of the brick barn now standing on my land; thence easterly, twenty-two feet, more or less, to the end of the brick barn aforesaid; thence southerly, fifteen feet, more or less, to a point three and one half feet distant from the rear of the brick block No. 399 aforesaid; thence westerly, three feet from the line of the said brick block; thence southerly, to the place of beginning, about sixty feet, more or less; being a part of the property conveyed to me by Jennet M. Pearson by deed recorded Vol. 422, page 114, New Haven land rec-

Woodruff v. Baldwin.

ords." After the description of the premises, said deed contained the following provision: "The said grantee agrees to pay the rent of said premises that may annually become due to Yale College as a part of the consideration of this deed."

Since January 14th, 1893, the plaintiff has been and is now the owner of the interest conveyed to him by said deed.

In 1894 Garwood M. Baldwin died, and devised that part of said leased premises not conveyed to the plaintiff by the deed aforesaid, to the defendant, who ever since the death of said testator has been the owner of such part.

The annual rental of the part of the leased premises thus owned by the defendant is $22.75. "The plaintiff, intending to pay the annual rent for the premises conveyed to him as aforesaid and no more, by mistake has paid for and on account of the defendant, and for his benefit, the annual rental of that part of the premises owned and occupied by the defendant, amounting to the sum of $113.75, to said Yale College." On sundry times since March 1st, 1898, the plaintiff demanded of the defendant said sum so paid as aforesaid, but the defendant has not repaid the same.

The grounds of demurrer were in substance these: (1) It appears that it was the duty of the plaintiff to pay the whole of said rent to Yale College. (2) It does not appear that it was the duty of the defendant to pay any part of said rent. (3) It appears that if the plaintiff ever paid said rent it was a voluntary payment, and not at the request of the defendant.

\* *William B. Stoddard* and *Robert C. Stoddard*, for the defendant, in support of the demurrer.

*Richard H. Tyner*, for the plaintiff, in opposition to the demurrer.

---

\* Prior to argument a question arose as to which party should open and close. Counsel for the plaintiff urged that inasmuch as the case was reserved he was entitled to that privilege under § 48 of the Rules of the Supreme Court, p. 105. The defendant's counsel insisted that as they appeared in support of the demurrer, it was their right to open and close. The court agreed with the defendant's counsel, who thereupon proceeded.

TORRANCE, J. The plaintiff accepted a deed poll conveying to him an interest in real estate, which recited an agreement on his part to pay money for or on account of the releasor, and thereby the plaintiff bound himself to perform that agreement. *Pike v. Brown*, 7 Cush. 138; *Foster v. Atwater*, 42 Conn. 244; *Hubbard v. Ensign*, 46 id. 576. The recited agreement relates to the payment of rent under the lease from Yale College, and the dispute between the parties is as to the extent of the agreement, and not as to the obligation of the plaintiff to perform it.

The plaintiff construes the agreement as one which binds him to pay only such a proportional part of the rent as the part of the leased land conveyed to him bears to the whole of the leased land, while the defendant construes it as one which binds the plaintiff to pay the entire rent; and substantially the only question in the case is which of these constructions is the correct one. The decision of the case thus turns upon the construction of the recited agreement.

The claim of the plaintiff, that the language of the recited agreement is that of the releasor, and that in case of doubt as to its meaning it should be construed most strongly against him, will, for the purpose of the argument, be conceded. Reading that agreement in connection with the entire instrument in which it appears, and in the light of the circumstances under which it was made, as these appear upon the record, we are of the opinion that it binds the plaintiff to pay the entire rent.

In the deed in question the premises to be conveyed by it are first described by metes and bounds, and this is followed immediately by a declaration to the effect that they are a part of the premises leased by the college to Mrs. Pearson and by her assigned to the releasor.

The assignment is by express reference made a part of the deed, and the assignment embodies by express reference the original lease, so that both the original lease and the assignment are by reference made part of the deed to the same effect as if recited therein in full. The lease showed that the rent under it " that may annually become due to Yale College," at

the date of said deed, was $70 payable as one sum at one stated time. Immediately following this, in a separate sentence, comes the agreement here in question. In that, as a part of the consideration of the deed, the plaintiff "agrees to pay the rent of said premises that may annually become due to Yale College." The deed first recites that the land conveyed by it is part of the leased "premises," and the agreement is to pay the rent of "said premises" that may annually become due to the college. The "premises" mentioned in the agreement are, we think, not the premises conveyed by the deed, but the entire leased premises, for upon these alone did any rent "annually become due to Yale College."

If the parties to this agreement desired, as the plaintiff claims, to apportion the rent, the language employed is not at all apt and appropriate to express such an intention, while it is apt and appropriate to express an intention to pay the entire rent. Had their intention been to apportion the rent they could easily have expressed that intention, and would doubtless have indicated in some way the proportion which the plaintiff was to pay. As the deed is drawn there is nothing in it to indicate with certainty what the proportion should be. The complaint alleges, in effect, that the plaintiff owns twenty-seven fortieths, and the defendant thirteen fortieths, of the leased land, but the deed which is made a part of the complaint shows that this is not so. Apparently, from the deed itself, the only way that an apportionment could be made would be to take the area of the land occupied by each of the parties, and apportion the rent according to that. But even if the area occupied by each were ascertained, there is nothing in the deed to indicate the relative values of each area, and unless such relative value is known, an equitable apportionment cannot well be made. In short the deed furnishes no *data* from which an equitable apportionment can with certainty be made. Under such circumstances it would be a clear misconstruction of the language used by the parties to hold that by it they intended to make an apportionment of the rent.

The Court of Common Pleas is advised to sustain the demurrer.

Costs in this court will be taxed in favor of the prevailing party.

In this opinion the other judges concurred.